United States District Court
Southern District of Texas
**ENTERED**
July 21, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONNY RATLIFF, individually and on behalf of all others similarly situated, | § § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. 4:15-CV-2376 |
| v. | § § | |
| PASON SYSTEMS USA CORP., | § § | |
| *Defendant.* | § § § | |

## MEMORANDUM AND ORDER

On June 23, 2016, the Court conditionally certified this suit for unpaid overtime compensation as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). [Dkt. No. 35.] Now pending before the Court is the parties' Joint Proposed Order Authorizing Distribution of the "Notice" and "Consent to Join" Forms. [Dkt. No. 36.] The Court held a hearing on the proposed forms on July 6, 2016.

## LEGAL STANDARD

Courts have a managerial responsibility to oversee the process by which putative class members are given notice of, and allowed to join, a collective action suit under the FLSA. *Hoffmann–La Roche v. Sperling*, 493 U.S. 165, 169–70 (1989). In particular, courts have a duty to supervise the form and content of notices to ensure that potential plaintiffs receive accurate and timely information about the suit. *Reyes v. Quality Logging, Inc.*, 52 F. Supp. 3d 849, 851–52 (S.D. Tex. 2014) (Saldaña, J.). Although plaintiffs may generally use their preferred language in drafting notices, courts must "ensure that the notice is fair and accurate." *Vargas v. Richardson Trident Co.*, No. H-09-1674, 2010 WL 730155, at *11 (S.D. Tex. Feb. 22, 2010)

1

(Harmon, J.) (quoting *King v. ITT Cont'l Baking Co.*, No. 84 C 3410, 1986 WL 2628, at *3 (N.D. Ill. Feb. 18, 1986)) (internal quotation marks omitted).

## DISCUSSION

The Court has reviewed the parties' proposed notice and consent forms and finds that two modifications are necessary to ensure that they are fair and accurate.[1]

### 1. Language Regarding Opt-In Plaintiffs' Potential Liability For Court Costs

The proposed notice contains the following language regarding costs that individual opt-in plaintiffs may incur by joining this suit:

> If you choose to join this lawsuit, you will be a Plaintiff in the case and you will be bound by any judgment on any claim you have against Pason under the FLSA, whether favorable or unfavorable. That means that, if you win, you may be eligible to share in the monetary award. If you lose, no money will be awarded to you and you may be liable for court costs.

The Court finds the phrase "and you may be liable for court costs" to be "unnecessary and potentially confusing." *Reyes*, 52 F. Supp. 3d at 854 (quoting *Sexton v. Franklin First Fin., Ltd.*, 2009 WL 1706535, at *12 (E.D.N.Y. June 16, 2009)). There is only a "remote possibility" that such costs will be other than *de minimis*. *Id.* (quoting *Guzman v. VLM, Inc.*, No. 07-CV-1126 JG RER, 2007 WL 2994278, at *8 (E.D.N.Y. Oct. 11, 2007)) (internal quotation marks omitted) (denying defendant's request that notice include information regarding possibility that opt-in plaintiffs would have to pay court costs). Because most opt-in plaintiffs likely lack extensive legal experience in matters of this sort, the language would "have an *in terrorem* effect that disproportionately outweighs the likelihood that these costs will occur to any significant magnitude." *Id.* at 853 (citing *Guzman*, 2007 WL 2994278, at *8); *accord Romero v. ABCZ Corp.*, No. 14 CIV. 3653 AT HBP, 2015 WL 2069870, at *4 (S.D.N.Y. Apr. 28, 2015) (plaintiff

---

[1] The parties have agreed to certain other modifications via email correspondence with the Court. Those modifications are incorporated into the forms attached to this order.

did not need to add language to notice stating that opt-in plaintiff may "be held liable for costs associated with this lawsuit and for potential counterclaims which could be asserted . . . by [d]efendants"). Numerous courts across the nation have concluded that similar language would undermine the FLSA's collective-action procedure. *See, e.g., Kesely v. Ent. U.S.A. Inc.*, 67 F. Supp. 3d 1061, 1074 (D. Ariz. 2014) (rejecting warning that opt-in plaintiffs "would be liable for the costs of the litigation" if defendants won because "[t]he only possible purpose this admonishment could serve is to 'discourage participation in the lawsuit'") (quoting *Green v. Exec. Coach & Carriage*, 895 F. Supp. 2d 1026, 1030 (D. Nev. 2012)); *Bath v. Red Vision Sys., Inc.*, No. 13-02366, 2014 WL 2436100, at *7 (D.N.J. May 29, 2014) (statement highlighting possibility that opt-in plaintiffs would have to pay defense costs had "the potential of chilling participation in the collective action"); *Abdul-Rasheed v. KableLink Commc'ns, LLC*, No. 8:13-CV-879-T-24 MAP, 2013 WL 6182321, at *6 (M.D. Fla. Nov. 25, 2013) (warning that opt-in plaintiffs could be liable for costs "would undermine the FLSA's goal of encouraging full enforcement of statutory rights because the warning might dissuade people from joining the lawsuit"); *Carrillo v. Schneider Logistics, Inc.*, No. CV-11-8557 CAS DTBX, 2012 WL 556309, at *14 (C.D. Cal. Jan. 31, 2012) (noting that "this kind of warning would undermine the FLSA's goal of encouraging full enforcement of statutory rights"), *aff'd*, 501 F. App'x 713 (9th Cir. 2012); *Schwerdtfeger v. Demarchelier Mgmt., Inc.*, No. 10 CIV.7557 JGK, 2011 WL 2207517, at *6 (S.D.N.Y. June 6, 2011) (such language "is not necessary, and would likely intimidate putative class members from opting into the case"); *Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508, 520 (E.D.N.Y. 2011) (rejecting argument that opt-in plaintiffs "should be warned that they could be liable for [d]efendants' costs in defending the case if the [d]efendants ultimately prevail in this matter"); *Austin v. CUNA Mut. Ins. Soc.*, 232 F.R.D. 601, 608 (W.D.

Wis. 2006) (declining to include similar warning "because the statute is silent with respect to fee shifting for prevailing defendants and because the warning would chill participation in collective actions"). While "authority on this question is decidedly split," *Reyes*, 52 F. Supp. 3d at 853, the Court finds the aforementioned cases more persuasive and better calculated to effectuate the FLSA's broad remedial goals.

The Court will therefore strike the phrase "and you may be liable for court costs" from the notice form.

### 2. Language Regarding Opt-In Plaintiffs' Choice of Legal Counsel

The proposed notice states the following under the heading "Legal Counsel":

If you choose to join this lawsuit, you choose to have Plaintiff Ratliff's attorneys represent you. Plaintiff Ratliff's attorneys are:

[Names and contact information for Ratliff's attorneys.]

Alternatively, you may consult your own attorney and [*sic*], if you want to do so, to discuss your options. You are free to consult the files for this case, which are located in the Clerk's Office of the United States District Court for the Southern District of Texas–Houston Division, 515 Rusk Avenue Houston, TX 77002.

The proposed consent form likewise contains the following language:

3. I agree to have Mr. Ratliff's attorney, Andrew W. Dunlap, Fibich, Leebron, Copeland, Briggs & Josephson, 1150 Bissonnet, Houston, Texas 77005, and Richard J. Burch, Bruckner Burch PLLC, 8 Greenway Plaza, Suite 1500, Houston, Texas 77046, and any other attorneys with whom they may associate, represent me in this lawsuit.

"Informing potential plaintiffs of their right to choose their own counsel is an appropriate element in a notice." *Heaps v. Safelite Solutions, LLC*, No. 2:10 CV 729, 2011 WL 1325207, at *9 (S.D. Ohio Apr. 5, 2011) (requiring that notice contain "a statement indicating that the opt-in plaintiffs are entitled to be represented by the named [p]laintiffs' counsel or by counsel of his or her own choosing") (collecting supporting cases). Courts have required that notice language inform potential opt-in plaintiffs of their "right to have an outside attorney actually represent

4

them, not merely advise them whether to join the class." *Guzman*, 2007 WL 2994278, at *7–8 (modifying notice language because opt-in plaintiffs "may not understand that they have [such] a right"); *see also Rosario*, 828 F. Supp. 2d at 520 (finding statement that "[y]ou can join this lawsuit by representing yourself or by [retaining] counsel of your own choosing" to be "sufficient to inform opt-in plaintiffs of their right to retain separate counsel"); *Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 60 (S.D.N.Y. 2009) ("Because the notice states that opt-in plaintiffs can select their own counsel, there is only a minimal risk that opt-in plaintiffs will be discouraged from seeking their own counsel."); *Soler v. G & U, Inc.*, 86 F.R.D. 524, 530 (S.D.N.Y. 1980) ("The workers should be informed that they may retain their own counsel . . . .").

In *Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 678 F. Supp. 2d 89 (E.D.N.Y. 2010), for instance, the court rejected a proposed notice and consent form stating that "[i]f you choose to join this suit, and agree to be represented by the plaintiffs' attorneys, your counsel in this action will be [plaintiffs' attorneys]" because the language failed to make clear that "proposed plaintiffs are not required to accept plaintiffs' counsel as their own." *Id.* at 95 (internal quotation marks omitted). The court therefore directed the plaintiffs "to modify the proposed [n]otice so that potential plaintiffs are informed that they may retain their own counsel, should they choose to join the within litigation, as an alternative to plaintiffs' counsel's firm." *Id.*

Here, Plaintiff's counsel argues that language informing potential opt-in plaintiffs of their right to retain their own counsel to represent them in this proceeding would create managerial difficulties. That concern is not without some basis. *See Castillo v. Alkire Subway*, No. H-08-CV-2658, 2009 WL 9529354, at *6 (S.D. Tex. Apr. 30, 2009) (Ellison, J.) ("Defendant's suggestion that the notice inform potential plaintiffs that they may opt in and bring their own

lawyer 'would lead to confusion, inefficiency and cumbersome proceedings.'") (internal quotation marks omitted) (quoting *Adams v. Inter–Con Sec. Sys. Inc.*, 242 F.R.D. 530, 541 (N.D. Cal. Apr. 11, 2007)). At the same time, however, excluding such language would effectively require opt-in plaintiffs to either: (a) accept representation by Plaintiff's attorneys alone and forgo their right to retain counsel of their own choosing;[2] or (b) hire their own attorneys, proceed individually in separate lawsuits, and forgo the very advantages that § 216(b)'s collective action mechanism was designed to foster. *See Hoffmann-La Roche Inc.*, 493 U.S. at 170 (collective actions allow plaintiffs "the advantage of lower individual costs to vindicate rights by the pooling of resources" and benefit the judicial system by "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity"); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985) (explaining that class actions "permit the plaintiffs to pool claims which would be uneconomical to litigate individually" and that most "plaintiffs would have no realistic day in court if a class action were not available"); *Heaps*, 2011 WL 1325207, at *8–9 (rejecting plaintiffs' argument that "a notice only needs to inform potential plaintiffs of their right to file a separate lawsuit"); *cf. Lewis v. Epic Sys. Corp.*, No. 15-2997, 2016 WL 3029464, at *3 (7th Cir. May 26, 2016) ("Collective, representative, and class legal remedies allow employees to band together and thereby equalize bargaining power.").

In the Court's view, these conflicting interests can be appropriately reconciled by modifying the notice and consent form language as follows. First, the notice form shall read:

---

[2] Under the "first-to-file" rule, "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Jones v. Xerox Commercial Sols., LLC*, No. H-13-0650, 2013 WL 3245957, at *2 (S.D. Tex. June 26, 2013) (Atlas, J.) (quoting *Cadle Co. v. Whataburger of Alice*, 174 F.3d 599, 603 (5th Cir. 1999)) (internal quotation marks omitted). The rule says nothing about whether opt-in plaintiffs must automatically accept representation by counsel representing the plaintiff who originally filed the collective action. *See Silva v. Tegrity Pers. Servs., Inc.*, 986 F. Supp. 2d 826, 841 n.10 (S.D. Tex. 2013) (Ellison, J.) ("Opt-in plaintiffs and original parties are treated the same under the FLSA. The 'named' Plaintiff is just the first to file.").

If you choose to join this lawsuit, you may choose to have Plaintiff Ratliff's attorneys represent you. Alternatively, you may consult your own attorney and, on proper motion, filed by _____ [90 days from the date the Notice is mailed], the Court will consider adding that attorney as co-counsel. Plaintiff Ratliff's attorneys are:

[Names and contact information for Ratliff's attorneys.]

In addition, the consent form shall state:

> 3. Check one:
>
>    ☐ I agree to have Mr. Ratliff's attorney, Andrew W. Dunlap, Fibich, Leebron, Copeland, Briggs & Josephson, 1150 Bissonnet, Houston, Texas 77005, and any other attorneys with whom they may associate, represent me in this lawsuit.
>
>    OR
>
>    ☐ I do not agree to have Plaintiff's counsel represent me and I intend to consult with other counsel. My counsel will file a motion to represent me and be added to the case by _____ [90 days from the date the Notice is mailed].

Modified in this way, the forms will ensure that potential opt-in plaintiffs are properly apprised of their right to select their own legal counsel. Furthermore, by providing that the Court will consider adding an opt-in plaintiff's attorney as co-counsel "on proper motion," the revised language will permit the Court to deal with specific managerial complications if and when they arise.[3]

## CONCLUSION

For the foregoing reasons, the proposed Notice, Reminder, and Consent forms are **APPROVED**, subject to the modifications discussed above. The modified forms are appended to this order.

---

[3] Contrary to Plaintiff's contention, this language does not suggest that potential opt-in plaintiffs' options are limited to joining this case.

The Court **ORDERS** Defendant to provide Plaintiff's counsel, within fifteen (15) days of this Order, the names, last known home addresses, personal e-mail addresses (if within Defendant's possession), and dates of employment with Defendant for all Field Service & Sales Technicians Defendant employed between June 23, 2013 and June 23, 2016. Defendant shall provide such information in an Excel spreadsheet, or other computer-readable format, pursuant to the Parties' agreement. Defendant shall produce the telephone numbers for the Putative Class Members whose mailed and email notices are returned as undeliverable.

Plaintiff and Plaintiff's counsel will treat all contact information Defendant provided concerning the Putative Class Members as confidential and will not disclose such information to third parties.

Plaintiff's counsel shall send a copy of the Court-approved Notice and Consent Form via regular U.S. Mail and e-mail to all persons contained on the list within fifteen (15) days of receiving the list from Defendant. Plaintiff's counsel shall include a self-addressed stamped envelope in the mailing. A reminder post card may be sent 30 days after the initial mailing. All consent forms shall be returned to Plaintiff's counsel, who will file the Consents with the Court within 10 days of receipt.

Any Putative Class Members who wish to opt into this lawsuit must properly complete the Consent to Join form the Court approved and return it to Plaintiff's counsel on or before sixty (60) days from the date the Notice is mailed. Any potential opt-in plaintiff whose Consent to Join is postmarked after the deadline date will not be able to participate in this lawsuit.

Dated: July 21, 2016

_____
DENA HANOVICE PALERMO
UNITED STATES MAGISTRATE JUDGE

# NOTICE OF COLLECTIVE ACTION LAWSUIT
# ALLEGING UNPAID OVERTIME AGAINST PASON SYSTEMS USA CORP.

## *RATLIFF V. PASON SYSTEMS USA CORP.*

**TO:** Current and former Field Service & Sales Technicians who worked for Pason Systems USA Corp. ("Pason") between June 23, 2013 and June 23, 2016.

**RE:** Alleged unpaid overtime wages under the Fair Labor Standards Act

## 1. INTRODUCTION

The purpose of this Notice is to:

(1) inform you about a collective action lawsuit pending against Pason alleging a violation of the federal Fair Labor Standards Act ("FLSA");

(2) advise you of how your rights might be affected by this lawsuit;

(3) instruct you on the procedure that you need to follow if you want to join this lawsuit, and

(4) Notify you that the claim filing deadline is __(60 days after Notice is mailed)__.

You have been sent this Notice because Pason's employment records indicate that you are an eligible member of the Plaintiff's conditionally certified collective action.

## 2. DESCRIPTION OF THE LAWSUIT

On August 1, 2015, Plaintiff, Donny Ratliff, filed a collective action lawsuit in the United States District Court, Southern District of Texas, Houston Division, against Pason. The lawsuit claims that Pason employees who held the Field Service & Sales Technician ("FSST") job title should have received overtime pay when they worked more than 40 hours in a workweek. Mr. Ratliff seeks to recover overtime compensation he claims Pason owes to him and other similarly situated employees. Mr. Ratliff is also seeking liquidated damages in an amount equal to the unpaid compensation, attorneys' fees, and costs.

Pason denies Mr. Ratliff's claims and asserts that it has complied with the FLSA and properly compensated all of its FSSTs. Pason asserts that no overtime is owed because the FSSTs qualify as exempt under the FLSA. Pason asserts that it formulated its pay practices based on the results from a Department of Labor investigation.

3.  **THE PEOPLE AFFECTED BY THIS LAWSUIT**

Current and former Field Service & Sales Technicians who worked for Pason Systems USA Corp. ("Pason") between June 23, 2013 and June 23, 2016.

4.  **YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT**

You have the right to join this lawsuit. To do so, complete the "Consent to Join" form enclosed with this Notice, sign the form, and mail/e-mail/fax it to:

> **Overtime Lawsuit Against Pason**
> **Fibich, Leebron, Copeland, Briggs & Josephson**
> **1150 Bissonnet Street**
> **Houston, Texas 77005**
> **Telephone: (888) 751-7050**
> **Fax: (713) 751-0030**
> **E-mail:** backwages@fibichlaw.com

If your completed "Consent to Join" form is not post-marked on or before 60 days after the mailing date of the Notice, you will not be able to participate in this lawsuit.

Whether or not you join this lawsuit is entirely your decision. The law only allows a person to recover up to three (3) years of back wages **from the date the Consent To Join Wage Claim form is filed.** A Consent to Join Wage Claim form is enclosed with a self-addressed stamped envelope.

5.  **EFFECT OF JOINING THIS LAWSUIT**

If you choose to join this lawsuit, you will be a Plaintiff in the case and you will be bound by any judgment on any claim you have against Pason under the FLSA, whether favorable or unfavorable. That means that, if you win, you may be eligible to share in the monetary award. If you lose, no money will be awarded to you.

While this lawsuit is proceeding, you may be required to answer various questions about your employment, give your lawyers any documents you have related to your work at Pason, and potentially attend trial in Houston or a deposition.

6.  **EFFECT OF NOT JOINING THIS LAWSUIT**

If you choose not to join this lawsuit, you will not be affected or bound by any judgment rendered in this lawsuit, whether it is favorable or unfavorable.

7.  **NO OPINION EXPRESSED AS TO MERITS OF LAWSUIT**

This Notice is for the sole purpose of providing current and former Pason workers with information concerning their potential right to join this lawsuit. Although the Court has authorized this Notice and its contents, the Court takes no position regarding the merits of

Plaintiff Ratliff's claims or Pason's defenses, and there is no assurance that the Court will grant any relief to the Plaintiffs.

## 8. NO RETALIATION PERMITTED

If you choose to join this lawsuit, federal law prohibits Pason from firing you or otherwise discriminating against you because of that choice. You are entitled to enforce your rights under the FLSA.

## 9. LEGAL COUNSEL

If you choose to join this lawsuit, you may choose to have Plaintiff Ratliff's attorneys represent you. Alternatively, you may consult your own attorney and, on proper motion, filed by _____ [90 days from the date the Notice is mailed], the Court will consider adding that attorney as co-counsel. Plaintiff Ratliff's attorneys are:

Michael A. Josephson
Andrew W. Dunlap
**FIBICH, LEEBRON, COPELAND, BRIGGS & JOSEPHSON**
1150 Bissonnet St.
Houston, Texas 77005
Telephone: 713-751-0025
Facsimile: 713-751-0030
Toll-Free: 1-888-751-7050
Email: backwages@fibichlaw.com

Richard (Rex) Burch
**BRUCKNER BURCH, PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone : 713-877-8788
Facsimile: 713-877-8065
Email: rburch@bucknerburch.com

You are free to consult the files for this case, which are located in the Clerk's Office of the United States District Court for the Southern District of Texas–Houston Division, 515 Rusk Avenue Houston, TX 77002.

**PLEASE DO NOT CONTACT THE JUDGE OR THE COURT CLERK WITH QUESTIONS ABOUT THIS LAWSUIT BECAUSE THEY CANNOT ANSWER THEM.**

Dated:_____

## IMPORTANT REMINDER REGARDING *RATLIFF V. PASON*

Notice Materials were recently mailed and emailed to you in regard to the *Donny Ratliff v. Pason Systems USA Corp.*, lawsuit alleging unpaid overtime violations of the Fair Labor Standards Act ("FLSA").

In order to participate in this unpaid overtime lawsuit, you must complete, sign, and mail, fax or email the Consent Form contained in the Notice Materials so that it is received by Ratliff's attorneys (at the address below) on or before _____, **2016**.

**OVERTIME LAWSUIT AGAINST PASON
C/O ANDREW W. DUNLAP
FIBICH, LEEBRON, COPELAND, BRIGGS & JOSEPHSON
1150 BISSONNET STREET
HOUSTON, TEXAS 77005
FAX: 713-751-0030**

If you did not receive your Notice Materials, please contact Ratliff's attorneys at **888-751-7050** or at **backwages@fibichlaw.com** to request another copy be sent to you.

OVERTIME LAWSUIT AGAINST PASON
C/O ANDREW W. DUNLAP
FIBICH, LEEBRON, COPELAND, BRIGGS & JOSEPHSON
1150 BISSONNET STREET
HOUSTON, TEXAS 77005

# IMPORTANT LEGAL REMINDER

«FIRSTNAME» «LASTNAME»
«ADDRESS1»
«ADDRESS2»
«CITY» «STATE»  «ZIP»
«COUNTRY»

## CONSENT TO JOIN
### (Pursuant to 29 U.S.C. § 216(b))

Court-imposed deadline for filing is _____, **2016.**

**Re:** **Unpaid overtime lawsuit against Pason Systems USA Corp. in United States District Court, Southern District of Texas, Houston Division, Case No.: 4:15-CV-02376**

1. I understand that a lawsuit has been brought under the Fair Labor Standards Act ("FLSA") and that it seeks alleged unpaid overtime wages from Pason Systems USA Corp. ("Pason"). I have read the Notice accompanying this Consent to Join. I work, or have worked, for Pason as a Field Service & Sales Technician at some point between June 23, 2013 to June 23, 2016.

2. By signing this Consent to Join, I am agreeing to be bound by any adjudication of this action, whether it is favorable or unfavorable. I further agree to be bound by any collective action settlement herein approved by this Court.

3. Check one:

   ☐ I agree to have Mr. Ratliff's attorney, Andrew W. Dunlap, Fibich, Leebron, Copeland, Briggs & Josephson, 1150 Bissonnet, Houston, Texas 77005, and any other attorneys with whom they may associate, represent me in this lawsuit.

   OR

   ☐ I do not agree to have Plaintiff's counsel represent me and I intend to consult with other counsel. My counsel will file a motion to represent me and be added to the case by \_\_\_\_\_ [90 days from the date the Notice is mailed].

4. I understand that I may participate in this lawsuit only if my completed, signed, and dated "Consent to Join" form is postmarked and mailed to Fibich, Leebron, Copeland, Briggs & Josephson on or before _____ [60 days from the notice mailing date].

5. I understand that this Consent to Join form will be filed with the Court.

Signature: _____    Date Signed: _____

**Please print or type the following information which will be kept confidential:**

| _____ | _____ |
|---|---|
| Address | City/State/Zip |
| _____ | _____ |
| Home Telephone Number | Cell Phone Number |
| _____ | _____ |
| E-mail Address | Estimated Dates of Employment |
| _____ | _____ |
| Positions Held with Pason | Locations Worked for Pason |

## RETURN THIS FORM BY MAIL, EMAIL, OR FAX TO:

Overtime Lawsuit Against Pason
Fibich, Leebron, Copeland, Briggs & Josephson
1150 Bissonnet Street
Houston, Texas 77005
Telephone: (888) 751-7050
Fax: (713) 751-0030
E-mail: backwages@fibichlaw.com