UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DONNY RATLIFF, individually and on behalf of all others similarly situated, § § § *Plaintiff,* § § v. § § PASON SYSTEMS USA CORP., § § *Defendant.* § § § CHRISTIAN BALO, et al., § § *Plaintiffs,* § § v. § § PASON SYSTEMS USA CORP., § § *Defendant.* § | CIVIL ACTION NO. 4:15-cv-2376 |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENTS AND DISMISSAL OF ACTION WITH PREJUDICE**

The seven Plaintiffs (Christian Balo, Jeremy Brooks, Jonathan Collins, Charles Dushane, Roberto Jimenez, Martin Tarango, and Eric Wheat) in the consolidated *Balo v. Pason Systems USA Corp.* action ("*Balo* Action") and Defendant Pason Systems USA Corp. ("Pason" and, together with Plaintiffs, the "Parties"), by and through their respective undersigned counsel, respectfully request that the Court approve the confidential settlement agreements ("Settlement Agreements") between Pason and each of the seven Plaintiffs. The Parties further request that, upon approval of the Settlement Agreements, the *Balo* Action be dismissed with prejudice, with all Parties paying their own attorneys' fees and costs. In support of this Motion, the Parties state as follows:

## PROCEDURAL BACKGROUND

1. On or about February 7, 2016, Plaintiff Christian Balo ("Balo") filed a lawsuit against Pason in the United States District Court of New Mexico–Las Cruces Division, Case No. 2:16-CV-00091 (the "Action"), alleging that Pason violated the Fair Labor Standards Act ("FLSA") by failing to pay him for overtime hours worked.

2. On or about April 18, 2016, Balo filed a First Amended Complaint in which he purported to bring a representative action under the FLSA on behalf of himself and others, including Plaintiffs Jonathan Collins, Martin Tarango, Charles Dushane, and Roberto Jimenez (the "FAC").

3. Based on various motions and related Court rulings, the Action was transferred to the United States District Court for the Southern District of Texas–Houston Division, and consolidated with *Ratliff v. Pason Systems USA Corp.*, Case No. 4:15-CV-02376 (the "*Ratliff* Action"), since both actions involved identical overtime wage claims by plaintiffs, all of whom were former Pason Field Service and Sales Technicians ("FSSTs").

4. On or about September 30, 2016, Balo filed a Second Amended Complaint in which he included as joint plaintiffs Jeremy Brooks, Jonathan Collins, Charles Dushane, Roberto Jimenez, Martin Tarango, and Eric Wheat (the "SAC").

5. The seven plaintiffs joined in the *Balo* Action never sought to certify the SAC as a collective action and no putative plaintiffs filed consents to opt into the SAC action.

6. Pason filed Answers to the Action, the FAC, and the SAC in which it denied the material allegations therein and asserted several affirmative defenses.

7. All Pason FSSTs are, for a portion of their employment, classified as "exempt" for purposes of overtime under the FLSA.

8. The Parties disputed whether the Plaintiffs, all of whom were former FSSTs, were non-exempt employees entitled to overtime, and, if they were, the amount of overtime owed to each plaintiff.

## APPROVAL OF THE SETTLEMENT AGREEMENTS AND DISMISSAL OF THE *BALO* ACTION ARE WARRANTED

9. The Parties have settled the claims asserted in the SAC.

10. During a full-day mediation on March 3, 2017 with an experienced wage-and-hour mediator, Michael Dickstein, the Parties negotiated confidential settlements with respect to each of the seven *Balo* Action Plaintiffs, with the aid of their respective counsel. A majority of the Plaintiffs attended the mediation by video.

11. Thereafter, the Parties executed the seven confidential Settlement Agreements.

12. The parties agreed to maintain the confidentiality of the specific terms of the Settlement Agreements.  Accordingly the seven confidential Settlement Agreements are filed under seal as Exhibit A.[1]

13. In the Fifth Circuit, private compromises of bona fide disputes under the FLSA are permissible.  *Martin v. Spring Break '83 Prods.*, 688 F.3d 247, 255 (5th Cir. 2012).  Courts reviewing the settlement of an action brought under the FLSA must determine that the settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).  "If a settlement in an

---

[1] The Court granted the Parties separate Joint Motion for Leave to File Settlement Agreements Under Seal for *In Camera* Review (Dkt. Nos. 75 and 76).

employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

14. The Parties respectfully submit that the Settlement Agreements for each of the seven Plaintiffs in the *Balo* Action are fair and reasonable resolutions of contested litigation.

15. Genuine bona fide disputes exist among the Parties regarding liability and damages. Specifically, in "the adversarial context of a lawsuit brought by [Pason] employees," *Lynn's Foods Stores, Inc.*, 679 F.2d 1350 at 1354, the Parties dispute whether Plaintiffs were entitled to certain overtime pay; the amount of overtime pay due, if any; and whether Plaintiffs were subject to the FLSA's exemptions, including the outside salesperson exemption, administrative exemption, and combination exemption.

16. The Settlement Agreements are fair and reasonable resolutions of these bona fide disputes.

17. The Settlement Agreements were reached after the Parties had conducted written discovery, Pason had provided an expert witness report, and Pason had deposed the named Plaintiff in the related *Ratliff* Action. The exchange of discovery included payroll and other documents related to each Plaintiffs' hours, job duties, and compensation.

18. The Settlement Agreements are products of arm's-length negotiations by experienced counsel and provide meaningful, significant monetary relief to Plaintiffs in the *Balo* Action. *See id.* (settlements of FLSA claims permissible in the context of a lawsuit, in part, because "[t]he employees are likely to be represented by an attorney who can protect their rights under the

statute"). The Parties have reviewed and voluntarily agreed to the terms of the Settlement Agreements. These Settlement Agreements eliminate the real and inherent risks both sides would bear if this litigation continued to resolution on the merits. Pason's defenses may have defeated or limited some or all of the Plaintiffs' claims, including their claims of willfulness, liquidated damages, and compensation for unpaid overtime. Furthermore, these compromises prevent all Parties from incurring the additional costs and delay associated with trial and potential appeals. Under these circumstances, a presumption of fairness should attach to the seven Settlement Agreements. *See id.* (courts rely on the adversarial nature of a litigated FLSA case resulting in settlement as indicia of fairness).

19. Accordingly, the Parties agree that the terms of the Settlement Agreements represent fair and equitable compromises of their bona fide disputes.

WHEREFORE, the Parties request that the Court enter an Order that approves of each of the seven Settlement Agreements as fair and reasonable compromises of bona fide disputes. If the Court approves of the Settlement Agreements, the Parties respectfully request that the *Balo* Action be dismissed with prejudice with all Parties paying their own attorneys' fees and costs.

Respectfully submitted this 27th day of March, 2017.

| | |
|---|---|
| *s/ James Mark Loren* | *s/ Donald L. Samuels* |
| JAMES MARK LOREN<br>Federal Bar No. 15-222<br>**GOLDBERG & LOREN, PA**<br>3102 Maple Ave., Suite 450<br>Dallas, TX 75201<br>Main Phone:  800-719-1617<br>Fax:  (954) 585-4886<br>jloren@lorenlaw.com<br><br>*Attorney for Plaintiffs* | DONALD L. SAMUELS<br>Attorney-In-Charge<br>Texas Bar No.  24005826<br>Texas S.D. No.  23999<br>**BRYAN CAVE LLP**<br>1700 Lincoln Street, Suite 4100<br>Denver, Colorado 80203<br>Tel:     (303) 861-7000<br>Fax:    (303) 866-0200<br>donald.samuels@bryancave.com<br><br>*Attorney for Defendant*<br>*Pason Systems USA Corp.* |

## CERTIFICATE OF SERVICE

    This is to certify that on March 27, 2017, the foregoing **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENTS AND DISMISSAL OF ACTION WITH PREJUDICE** and Proposed Order were filed and served via CM/ECF and U.S. Mail as follows:

| | |
|---|---|
| **George Zachary Goldberg**<br>ggoldberg@goldbergdohan.com<br>**James Mark Loren**<br>jloren@lorenlaw.com<br>**Rachael Rustmann**<br>rrustmann@goldbergloren.com<br>*Attorneys To Be Noticed* | **GOLDBERG & LOREN, P.A.**<br>3102 Maple Avenue – Suite 450<br>Dallas, TX  75201<br><br>*Attorneys for Consolidated Plaintiffs Christian Balo, Jeremy Brooks, Jonathan Collins, Charles Dushane, Roberto Jimenez, Martin Tarango, Eric Wheat* |
| **Michael A. Josephson**<br>mjosephson@fibichlaw.com<br>**Andrew W. Dunlap**<br>adunlap@fibichlaw.com<br>**Jessica M. Bresler**<br>jbresler@fibichlaw.com<br>**Lindsay R. Itkin**<br>litkin@fibichlaw.com<br>*Attorneys To Be Noticed* | **FIBICH, LEEBRON, COPELAND, BRIGGS & JOSEPHSON**<br>1150 Bissonnet St<br>Houston, TX 77005<br><br>*Attorneys For Plaintiff*<br>*Donny Ratliff* |
| **Richard J. (Rex) Burch**<br>rburch@brucknerburch.com<br>**Matthew Scott Parmet**<br>mparmet@brucknerburch.com<br>*Attorneys To Be Noticed* | **BRUCKNER BURCH, P.L.L.C.**<br>Bruckner Burch PLLC<br>8 Greenway Plaza, Suite 1500<br>Houston, TX 77046<br><br>*Attorneys For Plaintiff*<br>*Donny Ratliff* |

    *s/ Donald L. Samuels*

_____
    Donald L. Samuels