UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONNY RATLIFF, individually and on behalf of all others similarly situated, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 4:15-cv-2376 |
| PASON SYSTEMS USA CORP., | § § § | |
| *Defendant.* | § § | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND CONDITIONAL DISMISSAL OF LAWSUIT

Plaintiff, Donny Ratliff ("Ratliff" or "Plaintiff"), in the consolidated *Ratliff v. Pason Systems USA Corp.* action ("*Ratliff* Action") and, Defendant Pason Systems USA Corp. ("Pason" and, together with Plaintiff, the "Parties"), by and through their respective undersigned counsel, respectfully file this Joint Motion for Approval of Settlement Agreement and Conditional Dismissal of Lawsuit and in support would show as follows:

## I. SUMMARY

Plaintiff and Pason have reached a settlement of the pending unpaid overtime claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). The settlement provides for the Plaintiff and current opt-in plaintiffs ("Opt-In Plaintiffs") to be paid under the settlement. The settlement further provides for current employees of Pason who worked as Field Service and Sales Technicians during the relevant time period but who had not opted in to the *Ratliff* Action as of the March 3, 2017 mediation ("Non-Participating Field Service and Sales Technicians") to submit post-settlement claims to participate in the settlement on an equal basis with Opt-In Plaintiffs.

The FLSA settlement was the result of arm's-length negotiations conducted by experienced counsel for the Parties, after formally and informally exchanging information, engaging in substantial negotiations over several months and participating in an all-day mediation with an experienced wage-and-hour mediator. The terms of the settlement are reasonable, appropriate, and fair to all parties involved. Accordingly, Plaintiff and Pason ask the Court to approve the settlement and enter an order conditionally dismissing this lawsuit.

## II. BACKGROUND

This is a collective action brought by Plaintiff pursuant to the FLSA. The lawsuit was filed on August 17, 2015. In the lawsuit, Plaintiff alleged that Pason misclassified its Field Service and Sales Technicians as exempt and failed to pay them overtime compensation as required by the FLSA. Plaintiff sought unpaid back wages for overtime hours allegedly worked, liquidated damages, pre- and post-judgment interest, and attorney's fees, expenses and costs.

Pason has at all times denied any liability or wrongdoing and vigorously disputes Plaintiff's claims. Pason has determined that in order to avoid the expense and expenditure of resources attendant to litigation, it was in the best interests of the company to resolve the case with Plaintiff.

## III. SETTLEMENT

The Parties now seek Court approval of their agreed settlement. The settlement represents a fair compromise of a bona fide dispute concerning Pason's compensation of its Field Service and Sales Technicians.

### A. Extensive Pre-Settlement Investigation, Analysis, and Negotiation.

Prior to engaging in settlement discussions, Plaintiff and Pason independently and thoroughly investigated the claims and defenses at issue. In addition, the parties exchanged

written discovery and documents; Pason deposed Plaintiff; Plaintiff deposed Pason Regional Manager, Robert Lummus; and Pason provided an expert witness report to Plaintiff. The exchange of discovery included payroll and other documents related to the hours, job duties, and compensation of Plaintiff and Opt-In Plaintiffs. The Parties conducted an in-depth analysis of the potential damages that included reviewing business and payroll records and conducting witness interviews. These efforts provided both Parties with insight as to potential liability and the range of recovery. Further, these efforts, coupled with each Parties' thorough preparation and familiarity with the facts and law surrounding the alleged misclassification, allowed both Parties to intelligently, and in good faith, weigh both the risks and benefits of continued litigation.

Eventually, the Parties reached a settlement through formal and informal settlement negotiations and with the assistance of Michael Dickstein, an experienced wage-and-hour mediator. Moreover, the attorneys who negotiated the settlement are experienced in federal and state wage-and-hour claims. *Austin v. Pennsylvania Dep't of Corrs.*, 876 F. Supp. 1437, 1472 (E.D. Pa. 1995) ("In determining the fairness of a proposed settlement, the Court should attribute significant weight to the belief of experienced counsel that settlement is in the best interests of the class.").

After the Parties reached preliminary agreement on the settlement, the Parties engaged in extensive negotiations concerning the specific terms of the settlement, the notice form and procedure, and the scope of the release. Accordingly, the executed Settlement Agreement and its attachments are the product of comprehensive discussions and negotiations between the Parties.

### B. General Terms of the Settlement Agreement

The key details of the proposed settlement are described below and are in the Settlement Agreement. The Parties agreed to maintain the confidentiality of the specific terms of the Settlement Agreement; therefore, the Settlement Agreement is filed under seal as Exhibit A to this Joint Motion.[1] Exhibits 1 and 2 to the Settlement Agreement are a Notice and Claim Form & Release that will be used to notify the Non-Participating Field Service and Sales Technicians of their right to participate in this settlement.

This is a partial claims-made settlement which means that Plaintiff and Opt-In Plaintiffs will automatically participate in the settlement and Non-Participating Field Service and Sales Technicians who return completed Claim Form & Releases will be eligible to receive a settlement payment.

#### 1. Settlement Amount and Formula for Distribution

The proposed settlement obligates Pason to pay a Gross Settlement Amount. From that amount, claims for attorneys' fees, Plaintiff's counsels' out-of-pocket costs, and a service award for Plaintiff will be deducted. The resulting amount is the Net Settlement Amount.

To calculate each individual's potential share of the settlement, the Net Settlement Amount will be divided by the total number of weeks worked by Plaintiff, Opt-In Plaintiffs, and the Non-Participating Field Service and Sales Technicians as exempt Field Service and Sales Technicians during the time period covered by the settlement to determine a Work Week Value. That formula is as follows:

$$\text{NET SETTLEMENT AMOUNT} \div \text{TOTAL EXEMPT WORK WEEKS} = \text{WORK WEEK VALUE}$$

---

[1] The Court granted the Parties' separate Joint Motion for Leave to File Settlement Agreement Under Seal for *In Camera* Review (Dkt. Nos. 80 and 81).

Plaintiff, Opt-In Plaintiffs, and each Non-Participating Field Service and Sales Technician who timely files a Claim Form & Release will be entitled to receive a pro rata share of the net settlement amount based on the weeks the individual worked as an exempt Field Service and Sales Technician during the relevant class period. That formula is as follows:

TOTAL EXEMPT WEEKS WORKED x WORK WEEK VALUE = INDIVIDUAL SETTLEMENT AWARD

The Parties further agree that 50% of the Individual Settlement Award shall be subject to all withholding and other deductions as required by law, as payment in full compromise and settlement of all claims for alleged unpaid overtime. The remaining 50% of the Individual Settlement Award shall represent payment in full compromise and settlement of all claims for liquidated damages. All of these amounts shall be paid from the Individual Settlement Award.

2. **The Proposed Notice and Settlement Administration Procedure**

In accordance with the settlement, the Non-Participating Field Service and Sales Technicians will receive a copy of the Notice of settlement and the Claim Form & Release, which are attached to the Settlement Agreement as Exhibits 1 and 2, respectively. *See* Ex. A (Settlement Agreement filed under seal), at Exs. 1 and 2. These documents will be mailed to the Non-Participating Field Service and Sales Technicians by a third-party administrator, ILYM Group, Inc. Individuals who have provided ILYM Group, Inc. with an email address will also receive the claim materials by email.

These settlement documents explain the terms of the settlement, the scope of the release, the estimated settlement amounts, and the steps that must be taken to participate. After returning the properly executed Claim Form & Release to ILYM Group, Inc. within sixty days from the

date of mailing, the Non-Participating Field Service and Sales Technicians shall become Settlement Class Members.

Settlement checks will be issued by ILYM Group, Inc. within forty-four (44) days from the Effective Date of the Settlement Agreement, which is defined as the first business day following the Court's final dismissal order. Plaintiff, Opt-In Plaintiffs, and Settlement Class Members will have 180 days to present their checks for payment. Settlement award checks to Non-Participating Field Service and Sales Technicians that are not cashed within 180 days from the date of issuance will revert back to Pason. Pason will deposit funds from checks not cashed by Plaintiff and Opt-In Plaintiffs with the Lost Property Department of the state in which the Plaintiff or Opt-In Plaintiff last resided.

### 3. Scope of the Release

In exchange for compensation under the settlement, Plaintiff, Opt-In Plaintiffs, and the Settlement Class Members who timely return a Claim Form & Release will release Pason from all state and federal wage and wage-related claims asserted or that could have been asserted in this lawsuit through the date of conditional approval of this settlement.[2] The specific release language is set forth in the Settlement Agreement and the settlement documents that will be distributed by the third-party administrator, ILYM Group, Inc. Any Non-Participating Field Service and Sales Technician who does not submit a timely and properly executed Claim Form & Release will not release any claims against Pason.

---

[2] Donny Ratliff, the named Plaintiff, will execute a General Release in exchange for his service award and his pro rata share of the settlement.

## IV. APPROVAL OF THE SETTLEMENT AGREEMENT AND CONDITIONAL DISMISSAL OF THE *RATLIFF* ACTION ARE WARRANTED.

The Parties are seeking Court approval of the settlement. Courts reviewing the settlement of an action brought under the FLSA must determine that the settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

The Parties respectfully submit that the terms and conditions of the Settlement Agreement are fair and reasonable resolutions of contested litigation. Genuine bona fide disputes exist between the Parties regarding liability and damages. Specifically, in "the adversarial context of a lawsuit brought by [a Pason] employee[]," *id.*, the Parties dispute whether Plaintiff and Opt-In Plaintiffs were entitled to certain overtime pay; the amount of overtime pay due, if any; and whether Plaintiff and Opt-In Plaintiffs were subject to the FLSA's exemptions, including the outside salesperson exemption, administrative exemption, and combination exemption.

The Settlement Agreement provides a fair and reasonable resolution of the bona fide disputes in this action. As noted above, this proposed settlement was reached following the exchange of substantial information and extensive negotiations. Given the various defenses Pason asserted and the possibility that Pason may have successfully defeated or limited some or all of Plaintiff's claims, including those claims related to willfulness, liquidated damages and compensation for unpaid overtime, the Parties believe that the settlement represents a fair

7

compromise of the claims. Moreover, these compromises prevent the Parties from incurring the additional costs and delay associated with trial and potential appeals. *See id.* (courts rely on the adversarial nature of a litigated FLSA case resulting in settlement as indicia of fairness).

Accordingly, the Parties request that the Court:

(a) approve this settlement, including all of the terms set forth in the Settlement Agreement, filed under seal as Exhibit A; and

(b) sign the attached Order approving the settlement and conditionally dismissing this lawsuit subject to the filing of a Notice identifying all Settlement Class Members who returned a timely Claim Form & Release and a request for a final order of dismissal with prejudice, each party to bear its own costs and attorneys' fees, no later than five (5) days following the expiration of the sixty-day opt-in period for the Non-Participating Field Service and Sales Technicians.

Respectfully submitted this 27th day of June, 2017

*s/ Andrew W. Dunlap*
ANDREW W. DUNLAP
Fed. Id. 1093163
Texas State Bar No. 24078444
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Suite 3030
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
adunlap@mybackwages.com

*Attorney for Plaintiff Donny Ratliff*

*s/ Donald L. Samuels*
DONALD L. SAMUELS
Attorney-In-Charge
Texas Bar No. 24005826
Texas S.D. No. 23999
**BRYAN CAVE LLP**
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203
Tel: (303) 861-7000
Fax: (303) 866-0200
donald.samuels@bryancave.com

*Attorney for Defendant
Pason Systems USA Corp.*

8

## CERTIFICATE OF SERVICE

This is to certify that on June 27, 2017, the foregoing **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND CONDITIONAL DISMISSAL OF LAWSUIT** was served via CM/ECF as follows:

| | |
|---|---|
| **Michael A. Josephson** <br> mjosephson@atmybackwages.com <br> **Andrew W. Dunlap** <br> adunlap@fibichlaw.com <br><br> *Attorneys To Be Noticed* | 11 Greenway Plaza, Suite 3050 <br> Houston, Texas 77046 <br> Tel: (713) 352-1100 <br> Fax: (713) 352-3300 <br> adunlap@mybackwages.com <br><br> *Attorneys For Plaintiff* <br> *Donny Ratliff* |
| **Richard J. (Rex) Burch** <br> rburch@brucknerburch.com <br> **Matthew Scott Parmet** <br> mparmet@brucknerburch.com <br> *Attorneys To Be Noticed* | **BRUCKNER BURCH, P.L.L.C.** <br> Bruckner Burch PLLC <br> 8 Greenway Plaza, Suite 1500 <br> Houston, TX 77046 <br><br> *Attorneys For Plaintiff* <br> *Donny Ratliff* |

*s/ Donald L. Samuels*

_____

Donald L. Samuels